JOURNAL ENTRY AND OPINION
Thomas Franks appeals from a judgment of the trial court sentencing him to a period of three years incarceration for attempted possession of crack cocaine. On appeal, he contends that the court erred in imposing greater than the minimum two-year sentence for a second degree felony without stating on the record one of the statutory findings required by R.C. 2929.14(B). The state concedes that the trial court failed to make the requisite findings and that this case should be remanded for resentencing. After independent review of the record, we agree that the court failed to satisfy these sentencing guidelines, and we therefore vacate Franks' sentence and remand this matter for resentencing.
The record before us reveals that, on January 31, 2000, a grand jury indicted Franks for possession of drugs, preparation of drugs for sale, and possession of criminal tools. As part of a subsequent plea agreement, he pled guilty to an amended count of attempted possession of drugs, a felony in the second degree with a penalty range of two to eight years; the state agreed to nolle the remaining charges.
On March 8, 2001, the trial court sentenced Franks to a prison term of three years. Franks now appeals, presenting one assignment of error for review. It states:
 THE LOWER COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE ON THE DEFENDANT WHICH SENTENCE WAS GREATER THAN THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE COMMITTED, WITHOUT FIRST MAKING THE FINDINGS REQUIRED BY R.C. S 2929.14(B).
Franks asserts that the trial court failed to make the requisite findings on the record to support imposition of greater than the minimum sentence in this case. The state concedes this point, and agrees that the case should be remanded for resentencing.
R.C. 2929.14(B) states:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
At page 326 of State v. Edmonson (1999), 86 Ohio St.3d 324, the court stated:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
In this case, Franks had not served a previous prison term, and therefore R.C. 2929.14(B) required the court to impose the minimum two-year term unless it stated on the record at least one of the requisite findings. At the sentencing hearing, however, the court imposed a three-year sentence without making either statutory finding. During pronouncement of sentence, the court merely stated:
 Mr. Franks, I'm going to impose a sentence, more than a presumption, mandatory sentence required under law. You do not have a felony record. I weigh that in your favor.
 You were involved in trafficking of cocaine at street level. You had a fair amount of cocaine on you, personally, that you were dealing. I weigh that against you.
 I am going to impose a three-year sentence to the Lorain Correctional Institution. Credit for time served. I'll suspend your driving privileges. Order Court costs, mandatory $7,500 fine, I will impose it.
You're remanded.
(Tr. 24-25.)
We agree that this colloquy does not satisfy the requirement that the court finds on the record either or both of the statutorily sanctioned reasons for imposing more than a minimum sentence under R.C. 2929.14(B). Accordingly, we vacate the sentence imposed in this case and remand the case for resentencing.
Sentence vacated. Remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and FRANK D. CELEBREZZE, JR. CONCUR.